UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES EDWARD JONES,

Plaintiff,

v.

ROBERT FERGUSON, et. al.,

Defendants.

CASE NO. C16-5620 RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 14, 2016

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

Plaintiff James Edward Jones, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983, alleging that defendants deprived him of his constitutionally protected liberty rights. Dkt. 1-1 at 5. Plaintiff further alleges that defendants "abused governmental power . . .in order to seek and or establish plaintiff's involuntary civil commitment [sic]." *Id.* Plaintiff's proposed 42 U.S.C. § 1983 civil rights complaint raises issues challenging the validity of his civil commitment as a sexually violent predator, rather than his conditions of confinement. Dkt. 1-1.

On August 15, 2016, the Court reviewed plaintiff's complaint and directed him to show cause on or before September 16, 2016 as to why his 42 U.S.C. § 1983 civil rights complaint should not be dismissed and to advise the Court regarding the status of his state court action that has been remanded for trial. *In re Detention of Jones*. Dkt. 5. The reason plaintiff was directed by the Court to show cause was to determine if he has a viable §1983 claim or whether a petition for writ of habeas corpus under 28 U.S.C. § 2254 is the proper cause of action. Plaintiff did not show cause, address the issues raised, or otherwise respond to the Court's order. Thus, this court recommends that this case be dismissed without prejudice.

BACKGROUND

Plaintiff, who is currently housed as a civil detainee at the Special Commitment Center, challenges his involuntary civil commitment, asking the Court to "award him damages for deprivation of his liberty". Plaintiff filed a §1983 action for damages relating to his civil commitment but under *Heck v. Humphrey*, 512 U.S. 477 (1994), plaintiff does not have a cognizable claim until he has first sought (and exhausted) relief in state court. *See Huftile v. LC Miccio-Fonseca*, 410 F.3d 1136 (2005). A case search has revealed that plaintiff has filed a habeas petition in state court and has obtained some relief. *See In re Detention of Jones*, 193 Wash.App. 1038, 2016 WL 1643060 (2016). In that case, on April 26, 2016, the Washington Court of Appeals reversed the trial court's judgment referring plaintiff for civil commitment as a sexually violent predator and remanded for a trial on whether he committed a recent overt act sufficient to commit him as a sexually violent person. *In re Detention of Jones*, 2016 WL 16430 at *5.

DISCUSSION

This Court does not know when or if that state court trial has taken place as plaintiff has not responded to the Court's August 15, 2016 order to show cause. Because the Washington Court of Appeals reversed the trial court's judgment referring plaintiff for civil commitment as a sexually violent predator, a new trial could potentially affect his claims currently before this Court. Therefore, to go forward with this case could result in inconsistent outcomes in state and federal court.

Before a federal court will consider the merits of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, if that is determined to be the proper cause of action, a petitioner must demonstrate that each and every claim in the petition has been presented for resolution by the state courts. The exhaustion requirement protects the role of state courts in enforcing federal law, prevents the disruption of state judicial proceedings, and gives the state courts the first opportunity to examine and vindicate a right of federal constitutional magnitude. *Rose v. Lundy*, 455 U.S. 509, 518-20, 102 S.Ct. 1198 (1982). A claim is considered exhausted when it has been fully and fairly presented to the state supreme court for resolution under federal constitutional law. *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276 (1982).

Plaintiff was directed to show cause why his case should not be dismissed and to advise the Court regarding the status of his remanded state court action, *In re Detention of Jones.* Although plaintiff was given an opportunity to advise of the status of his state court proceeding, plaintiff failed to respond to the Court's order to show cause. Plaintiff was also advised that if he failed to adequately address the issues raised before September 16, 2016, the Court may recommend dismissal of this action without prejudice. Dkt. 5 at 3.

//

CONCLUSION

Accordingly, it is recommended that this case dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 14, 2016**, as noted in the caption.

Dated this 20th day of September, 2016.

J. Richard Creatura
United States Magistrate Judge